**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**GROVER CORNWELL**                                      **CIVIL ACTION**

**VERSUS**                                                       **NO.  12-2782**

**BURL CAIN**                                                    **SECTION "I"(4)**


**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

**I.      Factual and Procedural Background**

**A.      State Court Proceedings**

The  petitioner, Grover Cornwell ("Cornwell"), is a convicted inmate currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On May 19, 2005, Cornwell was charged by Bill of Information in St. Charles Parish with one count of sexual battery, one count of

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

molestation of a juvenile, and ninety-one (91) counts of possession of pornography involving juveniles.[3]   The record reflects that Cornwell's charges arise from his molestation of his granddaughter and his possession of pornographic images depicting infants and young girls engaged in actual or simulated sexual intercourse, masturbation, and lewd exhibition of the genitals and being raped by older men.[4]

On March 23, 2006, Cornwell entered a plea of guilty to counts two through ninety-three, with the State entering a *nolle prosequi* for count one.[5]   The Trial Court sentenced Cornwell to serve ten (10) years on each of counts three through ninety-three to run concurrently without benefit of parole, probation, or suspension of sentence and with credit for time served.[6]   The Court also sentenced him to serve eight years in prison to run consecutive to the other sentences, which sentence was suspended with Cornwell to be placed on five years of active probation thereafter.

Cornwell's convictions and sentences became final 30 days later, on Monday, April 24, 2006,[7] because he did not seek reconsideration or file for an appeal.  La. Code Crim. P. art. 914;[8]

---

[3]St. Rec. Vol. 1 of 1, Bill of Information, 5/19/05.  The record indicates that he was originally charged on February 23, 2005, with one count of sexual battery, one count of molestation of a juvenile, and one twenty-one (21) counts of possession of child pronography.  St. Rec. Vol. 1 of 1, Docket Entries, 2/23/05.  The amended bill of information added the additional seventy counts.

[4]St. Rec. Vol. 1 of 1, Motion to Suppress, 2/22/06; Affidavit, 3/1/05.

[5]St. Rec. Vol. 1 of 1, Guilty Plea and Sentence Form, 3/23/06; Plea Transcript, 3/23/06; Plea Minutes, 3/23/06.

[6]St. Rec. Vol. 1 of 1, Plea Transcript, 3/23/06; Plea Minutes, 3/23/06; Sentence of the Court, 3/23/06.

[7]The thirtieth day was Saturday, April 22, 2006.  The deadline therefore fell on the next business day.  *See* La. Code Crim. P. art. 13 (weekends and holidays not included in calculation of period when it would otherwise be the last day of the period).

[8]In general, under Louisiana law, a guilty plea waives all non-jurisdictional defects in the proceedings prior to the plea and precludes review of such defects either by appeal or post-conviction relief. *State v. Crosby*, 338 So.2d 584, 588 (La. 1976). Where grounds do exist, Louisiana law requires a criminal defendant move for leave to appeal within 30 days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1).  Petitioner's failure to move timely for appeal under Article 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)).

Almost two years later, on March 10, 2008, Cornwell filed a motion with the Trial Court to amend or modify his sentence to account for his rehabilitative efforts in prison.[9]  The Trial Court denied the motion finding no basis to alter the fair sentence already imposed.[10]  Cornwell did not seek review of this ruling.

Over two years later, on July 27, 2010, Cornwell submitted a writ of habeas corpus to the Trial Court requesting an order to prevent the Louisiana Department of Corrections ("DOC") from imposing additional restrictions on his sentence related to good-time eligibility that were not imposed during sentencing.[11] The Trial Court denied the motion on June 29, 2011, noting that the statutory provisions in place at the time of his sentence prohibited good-time eligibility which was not a matter in which the Court would be involved.[12]  Cornwell did not seek further review of the ruling.

### B.    State Administrative Proceedings

According to Cornwell's petition, and the exhibits attached thereto, on December 22, 2010, he filed a first step complaint through the administrative grievance procedures at the C. Paul Phelps

---

336, 338 (La. 1985).

[9]St. Rec. Vol. 1 of 1, Motion to Amend or Modify Sentence, 3/10/08.

[10]St. Rec. Vol. 1 of 1, Trial Court Order, 3/10/08.

[11]St. Rec. Vol. 1 of 1, Writ of Habeas Corpus, 8/2/10 (dated 7/27/10).

[12]St. Rec. Vol. 1 of 1, Trial Court Order, 6/29/11.

Correctional Center challenging the prison officials' denial of good-time eligibility.[13]  The request

for good-time approval was denied as not statutorily available to him, and Cornwell appealed to the

DOC Secretary.[14]  The appeal was denied on February 17, 2011, citing Louisiana statutory law that

prohibited Cornwell as a sex offender convicted of pornography with juveniles from earning good-

time credits.[15]

On or about March 11, 2011, Cornwell submitted a petition for judicial review in the 19th

Judicial District, East Baton Rouge Parish seeking review of the denial of his administrative

remedies and seeking good-time approval.[16]  The proceeding was resolved by Judgment issued July

31, 2012, affirming the administrative decision and dismissing the request for judicial review with

prejudice.[17]  Cornwell did not seek further review of that Judgment in the state courts.

## II.    Venue and Jurisdiction under 28 U.S.C. § 2241(d)

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-

132, 110 Stat. 1214,[18] applies to this petition, which is deemed filed in the United States District

Court for the Middle District of Louisiana no later than November 7, 2012.[19]  While Cornwell was

---

[13]Rec. Doc. No. 1-2, pp. 10, 14.

[14]*Id.*, at p. 12.

[15]*Id.*, at p. 6.

[16]*Id.*, at p. 31.

[17]*Id.*, at p. 39.  Notice of the Judgment indicates that it was mailed to Cornwell on August 2, 2012.  *Id.*, at p.38.

[18]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996.  *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[19]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing

convicted in St. Charles Parish within this District, Cornwell filed his federal petition in the Middle District which is the Court having jurisdiction over his physical custodian at the Louisiana State Penitentiary.

Though not binding on a *pro se* prisoner, the petition was captioned by Cornwell and filed as a petition for habeas corpus relief under 28 U.S.C. § 2254.  The substance of Cornwell's petition, however, is clearly a challenge to the prison officials' denial of his requests for good-time credits and is not in anyway a challenge to the judgment of conviction from St. Charles Parish.

A petition for writ of habeas corpus directed to either pretrial matters, *see Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987), or which "attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration," *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000), is to be brought and considered under the general habeas provisions of § 2241. *See also*, *Frees v. Maye*, 441 F. App'x 285, 286 (5th Cir. 2011); *Stewart v. Cain*, 71 F.3d 879, 1995 WL 727244, at *1 (5th Cir. 1995) (Table, Text in Westlaw); *see also*, *Lee v. Wetzel*, 244 F.3d 370, 373 n.3 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).  Thus, the fact the Cornwell's petition was captioned as a § 2254 petition would not prevent a federal court from properly considering the petition under standards addressed to § 2241 petitions.  In fact, the assigned district judge in the Middle District construed Cornwell's petition to have been a § 2241 petition, a provision which would prove <u>that</u> court to be the appropriate court to entertain such a challenge.[20]

---

for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of the Middle District filed Cornwell's federal habeas petition on November 7, 2012.  According to the stamps appearing on the face of his petition, Cornwell delivered his petition to prison officials for electronic mailing to this that court on November 7, 2012.

[20]Rec. Doc. No. 3 (transfer order indicating the petition to have been brought under § 2241).

In spite of this designation in the transfer order, the district judge in the Middle District improvidently transferred the petition to this Court.  To enhance the apparent errors, upon receipt, the clerk of this Court designated the case as having been brought under § 2254 without acknowledging the transfer order's designation of the matter as one under § 2241.  Nevertheless, this Court is not a convenient nor the most appropriate venue to entertain Cornwell's petition for this and the following reasons.

Under § 2241(d), a convicted state prisoner, like Cornwell, who is in custody under the judgment of a state court in a state like Louisiana with multiple federal districts may file a federal habeas corpus petition either in the district where he is confined or where he was convicted. *Wadsworth v. Johnson*, 235 F.3d 959, 960-61 (5th Cir. 2000).  However, under § 2241(d), federal courts have ordinarily recognized and held that the most appropriate venue for challenges to the <u>execution or implementation</u> of the sentence, like that brought by Cornwell, is the federal court in the district where the petitioner is in custody, where challenges to the <u>legality</u> of the conviction or sentence, neither of which is at issue in this case, are better heard in the district where the state conviction and sentencing occurred.  *Story v. Collins*, 920 F.2d 1247, 1250-51 (5th Cir. 1991).

In that regard, the Fifth Circuit has decreed that a § 2241 petition challenging the <u>execution</u> of a sentence "must be filed in the same district where the prisoner is incarcerated." *Pack*, 218 F.3d at 451; *Frees*, 441 F. App'x at 286 (same).  The Fifth Circuit has explained the basis for the choice of venue as one of convenience:

> Under 28 U.S.C. § 2241(d), state convicts may file federal habeas corpus petitions in the district where they are confined or where they were convicted.  The purpose of this, of course, is to provide a more convenient forum for witnesses. ... Section 2241(d) militates in favor of filing the applicant's petition in ... the division where the witnesses are located, rather than in ... the division in which the applicant is confined.

6

*Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970) (citation omitted).  While Cornwell was convicted within this district in 2006, he properly filed his petition seeking relief under § 2241 challenging the execution of his sentence in the Middle District, where he is in custody and has been since 2007.[21]

In spite of the foregoing well-settled standards, a judge in the Middle District transferred the case to this Court stating in the form order, *inter alia*, "[t]he Court believes that it is in the interest of justice to transfer the case to the Eastern District of Louisiana where the petitioner was convicted and sentenced for the offenses charged and where any potential evidence and witnesses will more likely be easily located and produced."[22]  Therein lies the improvidence in the form transfer order.

Cornwell clearly challenges the execution of his sentence in his efforts to obtain good-time credits, a matter thoroughly unrelated to the criminal proceedings within this district and well outside of the control of the state trial court in which he was sentenced.  In fact, even a cursory look at his petition and the attachments thereto reflects that <u>all</u> of Cornwell administrative proceedings occurred outside of this district and he was confined outside of this district during the entire pursuit.  His current custodian is the Warden of the Louisiana State Penitentiary through the authority of the Louisiana DOC, both of which are within the boundaries of the Middle District.  These respondents are the persons or entities accused of misconstruing and misapplying Louisiana law for good-time eligibility.  Furthermore, none of the witnesses to those administrative proceedings or the related records are physically located within the Eastern District.  There is absolutely no interest of justice or convenience in having transferred this petition to the Eastern District.  Cornwell properly filed

---

[21]Rec. Doc. No. 1, p.1.

[22]Rec. Doc. No. 2.

his petition in the Middle District (and should do so again under § 2241 after exhaustion) and that Court should not have transferred the matter here.

Nevertheless, under its broad application, this district is one of the possible venues recognized under § 2241(d).  For this reason, the court can exercise jurisdiction over Cornwell's § 2241 petition.  *Accord Carmona v. Andrews*, 357 F.3d 535 (5th Cir. 2004) (addressing venue for a § 2254 petition challenging parole revocation proceedings by the Louisiana Board of Parole when all proceedings occurred within the Middle District).

## III.    Federal Petition

The record reflects that on November 7, 2012, the clerk of the Middle District filed Cornwell's petition for writ of habeas corpus in which he alleges that the Louisiana DOC has misinterpreted and misapplied Louisiana statutory law to deny him good-time eligibility which has resulted in his incarceration beyond his expected good-time release date.

The State filed an answer and memorandum in opposition to the petition arguing that Cornwell's understanding of the applicable law is incorrect and in light of his conviction for ninety-one (91) counts[23] pornography involving juveniles, he is specifically excluded from good-time eligibility under La. Rev. Stat. Ann. § 15:537(A).

## IV.    Exhaustion of  State Required Remedies

The State has cursorily asserted that Cornwell did not seek review of the ruling of the 19th Judicial District when that Court affirmed the DOC administrative proceedings.  The Court hereby provides Cornwell with clear notice that the Court is considering the exhaustion defense raised by the State, albeit raised without much detail.  Accordingly, petitioner is hereby specifically instructed

---

[23]The State is incorrect in indicating the charges to be only 90.  Cornwell pleaded guilty to one count of molestation of his granddaughter and ninety-one (91) counts of possession of pornography involving juveniles.

that this report and recommendation is notice to him that this court is addressing the issue of failure to exhaust state court remedies and that petitioner must submit any evidence or argument concerning exhaustion as part of any objections he may file to this report. *Accord Kurtzemann v. Quarterman*, 306 F. App'x 205, 206 (5th Cir. 2009) (district court may sua sponte raise failure to exhaust, and notice of and an opportunity to respond to the exhaustion issue must be given) (citing *Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (addressing limitations) and *Magouirk v. Phillips*, 144 F.3d 348, 357-58 (5th Cir. 1998) (addressing exhaustion)).

Although there is no reference to an exhaustion requirement in the statutory language of 28 U.S.C. § 2241(c), a federal court should abstain from the exercise of its habeas jurisdiction if the issues raised in a petition may be resolved on the merits in the state court or by some other state procedures available to the petitioner. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Edge v. Stalder*, 83 F. App'x 648, 2003 WL 22976091, at *1 (5th Cir. Dec. 16, 2003); *Greer v. St. Tammany Parish Jail*, 693 F. Supp. 502, 508 (E.D. La. 1988); *see also Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 489-92 (1973). The exhaustion doctrine is applied to § 2241(c) as a matter of comity and is based on federalism grounds to protect the state courts' important independent jurisdictional opportunity to address and resolve initially any constitutional issues arising within their jurisdiction and to limit federal interference in the state adjudicatory process. *Dickerson*, 816 F.2d at 225.

Generally, the exhaustion requirement is satisfied only when <u>all</u> grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir. 1999); *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). In § 2241 cases, this exhaustion requirement is obviated only if "special circumstances"

exist. *Dickerson*, 816 F.2d at 225 (citing *Braden*, 410 U.S. at 489); *Tooten v. Shevin*, 493 F.2d 173, 177 (5th Cir. 1975).

To exhaust his claims in the state courts, Cornwell must fairly present the same claims and legal theories he urges in this federal court to the state courts through the Louisiana Supreme Court in a procedurally proper manner and have given the state courts an opportunity to address those claims.  Louisiana law requires that an appropriate post-conviction claim must be brought in an application for post-conviction relief filed in the state district court.  La. Code Crim. P. arts. 925 and 930.3.  The petitioner may then seek supervisory review in the appellate court, La. Code Crim. P. art. 930.6, and discretionary review in the Louisiana Supreme Court, La. S. Ct. Rule X§5.

Cornwell has not sought review of any of the Trial Court's rulings made in his criminal case. He, therefore, has neither pursued nor exhausted available state court remedies related to the Trial Court's denial of his "Writ of Habeas Corpus" addressing the DOC's denial of his good-time credits.

In addition, the record does not reflect, and Cornwell has not alleged, that he has exhausted administrative review of his claim under the state's Corrections Administrative Remedy Procedure ("CARP"), La. Rev. Stat. Ann. § 15:1171 *et seq*., and the subsequent supervisory review of that procedure by the state courts pursuant to La. Rev. Stat. Ann. § 15:571.15.  *See Madison v. Ward*, 825 So.2d 1245 (La. App. 1st Cir. 2002).  Under Louisiana's CARP procedures, an inmate must utilize the administrative procedure established by the DOC, or any facility in which he is housed, to resolve any claims related to his confinement, including "time computations, even though urged as a writ of habeas corpus, or challenges to rules, regulations, policies, or statutes."  La. Rev. Stat. Ann. § 15:1171(B).  Upon completion of the administrative process within the DOC, an inmate may seek judicial review by filing suit in the appropriate state district court.  La. Rev. Stat. Ann. §

15:1177.  The provisions of La. Rev. Stat. Ann. § 15:571.15 requires that any such suit against the DOC challenging the computation of an inmate's ". . . sentence or sentences, discharge, [or] good time dates . . ." must first be brought in the 19th Judicial District Court in East Baton Rouge Parish.

The attachments to Cornwell's petition reflect, and the State concedes, that Cornwell filed an action in the 19th Judicial District which was resolved against him.[24]  The records do not reflect, and Cornwell does not contend, that he has sought review in the Louisiana First Circuit or the Louisiana Supreme Court as required by the CARP remedies.

Cornwell, therefore, did not complete the administrative review required by state law and has failed to exhaust those remedies.  The record discloses no good cause for his failure to properly and fully exhaust his claim, and the Court can find none from its review of the record.  *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (dismissal is appropriate where no good cause is shown for the failure to exhaust).  For these reasons, Cornwell's § 2241 petition should be dismissed without prejudice for failure to exhaust available state remedies.

## V.    Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Grover Cornwell's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state required remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[24]Rec. Doc. No. 1-2.

court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[25]

New Orleans, Louisiana, this 30th day of September, 2013.

KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE

---

[25]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.